TRACY RACICOT HUCKE, Wyoming Bar No. 7-4880
Asst. Federal Public Defender
214 W. Lincolnway Ste. 31A
Cheyenne WY 82001
307-772-2781
Tracy.Hucke@fd.org

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CASE NO. 23-CR-153-SWS |
| STEVEN SHOBERT, | |
| Defendant. | |

### UNOPPOSED MOTION FOR ENDS OF JUSTICE CONTINUANCE AND TO EXCLUDE TIME FROM SPEEDY TRIAL ACT TIME LIMITS

Defendant Steven Shobert, through his attorney, Assistant Federal Public Defender Tracy Racicot Hucke, moves this Court to set trial in this matter beyond time limits set forth in 18 U.S.C. § 3161 *et seq.* and 18 U.S.C. § 3164 *et seq.* ("Speedy Trial Act"). Specifically, Mr. Shobert asks this Court to extend the trial date for 45 days from the current trial date of January 29, 2024, to a date and time convenient for the Court. This extension is necessary as the defense requires additional time to receive requested records, continue the Defenses ongoing investigation, interview witnesses, consult and potentially retain an expert as well as meet with Mr. Shobert to discuss the defense's findings.

Counsel for Mr. Shobert has conferred with Assistant United States Attorney

1

Jonathan Coppom regarding this request, and AUSA Coppom indicated the Government has no objection.

## I. Background

Mr. Shobert was indicted on September 20, 2023 on one count of possession of a machinegun, in violation of 18 U.S.C. §§ 922(o) and 924(a)(2), and one count of possession f an unregistered firearm, in violation of 26 U.S.C. § 5861(d) & 5845(a). (ECF No. 1.) Mr. Shobert was taken into federal custody on December 5, 2023. (ECF No. 8.) His initial appearance was held on December 7, 2023 and counsel entered her appearance that same day. (ECF No. 17.) Counsel entered her appearance on December 8, 2023. (ECF Nos. 8 & 14.) His arraignment and detention hearing was held on December 12, 0223 and jury trial scheduled for January 29, 2024. (ECF No. 20.) The government timely provided initial discovery on December 18 and 19, 2023.

## I. Argument

The Speedy Trial Act generally requires trial to begin within 70 days of the filing of the indictment or the Defendants' initial appearance, whichever is later. 18 U.S.C. § 3161(c)(1). However, Speedy Trial deadlines are not immutable, and the Act sets forth an extensive list of reasons allowing for periods of delay, which are excluded in computing the time within which trial must start. 18 U.S.C. § 3161(h). A district court may exclude from the speedy trial calculation "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the

Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). When granting an ends-of-justice continuance, the court must make its findings on the record. *Zedner v. United States*, 547 U.S. 489, 507 (2006); 18 U.S.C. § 3161(h)(8)(A).

This extension is necessary because Mr. Shobert is entitled to the effective assistance of counsel under the Sixth Amendment to the U.S. Constitution. *See Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The effective assistance of counsel includes a duty of counsel to thoroughly investigation the defendant's case. *See Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932). Further, effective assistance of counsel also includes the ability for the defendant to thoroughly review all evidence with his attorney so that intelligent decisions can be made regarding motions and to evaluate whether to go to trial or enter a plea. Mr. Shobert will need time to confer with counsel regarding discovery and the findings of Defense's investigation and the wisdom of proceeding to trial versus engaging in plea negotiations.

Counsel has been diligent as possible in investigating this case however, the defense requires additional time to continue their independent investigation of this case to be able to evaluate any pretrial litigation issues, which counsel believes there may be. The defense received the government's initial discovery on December 18th and 19th. Due to the Holidays and Mr. Shobert's counsel being on leave, records requests and processing have been delayed. Counsel has determined that

additional information is needed and has begun requesting records. Once the information is received, counsel will need time to review and meet with Mr. Shobert to confer regarding the findings.

In short, counsel for Shobert requires additional time to effectively prepare his defense and/or negotiate with the government regarding a potential plea agreement. Denying Mr. Shobert's request for an extension would result in a miscarriage of justice. Thus, "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A).

Accordingly, Mr. Shobert asks that this Court extend the trial date for 45 days and exclude this time from the Speedy Trial Act Calculation.

DATED this 2nd day of January 2024.

        Respectfully submitted,

        VIRGINIA L. GRADY
        Federal Public Defender

        */s/Tracy Racicot Hucke*
        TRACY RACICOT HUCKE
        Assistant Federal Public Defender

### CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2024 the foregoing was electronically filed and consequently served on counsel of record.

        */s/ Tracy Racicot Hucke*
        Tracy Racicot Hucke