IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN SHOBERT,<br><br>Defendant. | Case No. 2:23-CR-00153-SWS |

## PRELIMINARY FORFEITURE ORDER

This matter comes before the Court on the government's Motion for Preliminary Forfeiture Order (ECF No. 53). Based upon the record in this case, the reasons stated in the motion, and for good cause shown, the Court makes the following findings:

As the result of Defendant Steven Shobert's plea of guilty to Count One of the Indictment, the Defendant agreed to forfeit (together the "Subject Properties"), which were related to the offense charged in the Indictment (ECF No. 1), namely:

- one 9mm Glock model 17 with a Glock switch device, bearing serial number BVBM327,

- one Aero Precision model M4E1 short-barreled rifle, bearing serial number M4-0332643, and

Therefore, the Subject Properties are forfeitable under 18 U.S.C § 924(d), 28 U.S.C. § 2461(c), and 26 U.S.C. § 5872, and the government has established the requisite nexus between the Subject Properties and the crime of conviction.

**THEREFORE,** the Court **GRANTS** the Government's Motion for Preliminary Order of Forfeiture (ECF No. 53) against the Subject Properties, namely:

- one 9mm Glock model 17 with a Glock switch device, bearing serial number BVBM327,
- one Aero Precision model M4E1 short-barreled rifle, bearing serial number M4-0332643, and

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that pursuant to 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), and 26 U.S.C. § 5872, the Defendant shall forfeit the Subject Properties to the United States.

Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order. The United States shall publish notice of the order and its intent to dispose of the Subject Properties in such a manner as the Attorney General may direct. The United States may, to the extent practicable, provide written notice to any person that reasonably appears to have an alleged interest in the Subject Properties.

Any person, other than the Defendant, asserting a legal interest in the Subject Properties may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Subject Properties, and for an amendment of the order of forfeiture.

If no third-party files a timely claim, this Order shall become a Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)

Any petition filed by a third party asserting an interest in the Subject Properties shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Properties, the time, and circumstances of the

2

petitioner's acquisition of the right, title or interest in the Subject Properties, and any additional facts supporting the petitioner's claim and the relief sought.

After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the Subject Properties following the Court's disposition of all third-party interests or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), as incorporated by 28 U.S.C. § 2461(c), for the filing of third-party claims.

The court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**SO ORDERED.**

DATED this 24th day of May 2024.

Scott W. Skavdahl
United States District Judge